IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGOT FLINN, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case Number: 24-cv-04269 |
| ) | |
| v. ) | Hon. John F. Kness, District Judge |
| ) | |
| CITY OF EVANSTON, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR LEAVE
TO FILE SUPPLEMENTAL AUTHORITY**

Plaintiffs, by counsel, respectfully submit this response to Defendant's motion for leave to file supplemental authority in support of its motion to dismiss and for leave to take jurisdictional discovery.[1]

1. Defendant's motion should be denied because its purported supplemental authority, *Hierholzer v. Guzman*, Case No. 24-1187, slip op. (4th Cir. Jan. 3, 2025), does nothing to resurrect Defendant's failed standing argument. Not only is the Fourth Circuit's decision in *Hierholzer* not binding on this Court, but the facts of *Hierholzer* and the corresponding holding of the case are readily distinguishable. In *Hierholzer*, the plaintiff needed to allege two distinct facts—that he had experienced both social disadvantages *and* economic disadvantages—to have standing to challenge the race-based contracting preference program at issue in that lawsuit. The Fourth Circuit found that the plaintiff had not alleged economic disadvantage and therefore

---

[1] Should the Court choose to grant Defendant's motion, Plaintiffs respectfully request that it consider this opposition as Plaintiffs' response to Defendant's supplemental authority. The "notice of supplemental authority" accompanying Defendant's motion largely repeats the argument in the motion. Plaintiffs see no reason to burden the Court with duplicative argument, unless of course the Court would prefer a separate response.

lacked standing. By contrast, Plaintiffs allege that, but for their race, they satisfy all eligibility requirements for participating in Evanston's race-based program and that it is that eligibility requirement – race – that their lawsuit challenges. Defendant tries to muddy the waters by alleging that the program closed in November 2021, but Plaintiffs demonstrated or at least disputed in their opposition to Defendant's motion to dismiss that that is not the case: the resolution creating the program plainly calls for rolling applications after the initial November 2021 application period; the program continues to operate; the program received an additional $10 million commitment of funds in November 2022; the program added a new $25,000 cash payment option in November 2023; the program is actively disbursing these payments to persons who identify as being of the required race; and the program has never been terminated and Evanston has no plans to terminate it. In short, Plaintiffs were and are "able and ready" to apply to the program but for their race and therefore have standing. If anything, *Hierholzer* supports Plaintiffs' argument because it confirms that, to have standing, a plaintiff must allege that she satisfies all of a program's eligibility requirements but for the challenged requirement, and that Plaintiffs have plainly done so.[2]

    2.    Regarding Defendant's meet and confer statement, Defendant omits from its statement the fact that its counsel waited until 5:52 p.m. on Friday, January 17, 2025, at the beginning of the three-day Martin Luther King Jr. Day holiday weekend, to contact Plaintiffs about its motion. All three of Plaintiffs' counsel were traveling that weekend. Mr. Orfanedes, who is based in Washington, DC, was in Europe and not due to return until the evening of Wednesday, January 22, 2025. Mr. Bekesha, who also is based in Washington, DC, was

---

[2] The *Hierholzer* plaintiff did not dispute that the challenged program had two eligibility requirements. Rather, he argued that he did not have to satisfy both to demonstrate standing.

preparing to travel with his family to New Orleans for what was expected to be a four-day trip the following day. Ms. Svenson, who is based in Chicago, was traveling to the East Coast the following day as well. Despite the late hour and the holiday weekend, Mr. Bekesha emailed Defendant's counsel at 6:08 p.m., advising that Plaintiffs would provide their position by the close of business on Thursday, January 23, 2025. In a subsequent email exchange that evening, Defendant's counsel asserted that Defendant intended to file its motion on the federal holiday, Monday, January 20, 2025. Defendant never identified any urgency to the motion, had already allowed two weeks to pass after the Fourth Circuit issued its January 3, 2025 decision, and did not indicate why it was necessary to file the motion on a federal holiday when the Court was closed. In an email sent at 7:52 p.m. later that Friday evening, Mr. Bekesha asserted that Plaintiffs were not in a position to assess the motion and consider an appropriate briefing schedule on such short notice and over a holiday weekend (especially since the Court was closed the day Defendant intended to file its motion) and would provide Plaintiff's position by close of business on Thursday, January 23, 2025.

3. A major snowstorm struck New Orleans on January 20-22, 2025, causing havoc to air travel and preventing Mr. Bekesha's scheduled return. He would not be able to return until Friday, January 24, 2025. In the interim, Mr. Orfanedes had returned from abroad and, after reviewing the email exchange between Mr. Bekesha and Defendant's counsel, emailed Defendant's counsel at 4:57 p.m. on Thursday, January 23, 2025, asking that Defendant provide a copy of its motion and proposed supplement to better understand what Defendant proposed to file and assess what would be an appropriate briefing schedule. Plaintiffs' obvious concern was about establishing a briefing schedule to respond to a brief that they had never seen. Mr. Orfanedes also informed Defendant's counsel that Mr. Bekesha was away unexpectedly and

asserted that Plaintiffs would provide their position shortly. Defendant never provided the motion and proposed supplement. The following morning, Friday, January 24, 2024, Defendant's counsel emailed Mr. Orfanedes, advising that Defendant would file the motion at 9:30 a.m., Central Time, that morning. Mr. Orfanedes responded at 9:34 a.m., inquiring again whether Defendant would provide the motion and proposed supplement. Defendant filed the motion at 11:11 a.m., Central Time, without responding to Mr. Orfanedes or providing Plaintiffs' counsel with any additional information. Under the circumstances, it cannot be said that Defendant complied with the Court's motion policy. The motion should be denied with prejudice for that reason alone.

Dated: January 27, 2025

Respectfully submitted,

/s/ Michael Bekesha
Paul J. Orfanedes (Ill. Bar No. 6205255)
Michael Bekesha (Mass. Bar No. 675787)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel: (202) 646-5172

Christine Svenson
(Ill. Bar No. 6230370)
CHALMERS, ADAMS, BACKER & KAUFMAN, LLC
345 N. Eric Drive
Palatine, IL 60067
Tel: (312) 437-8629

*Counsel for Plaintiffs*