**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARGOT FLINN, CAROL JOHNSON, STASYS NEIMANAS, BARBARA REGARD, HENRY REGARD, and STEPHEN WEILAND, | No. 24-cv-04269 |
| Plaintiffs, | Judge John F. Kness |
| v. | |
| CITY OF EVANSTON, | |
| Defendant. | |

**ORDER**

Before the Court is Defendant's motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure as well as Defendant's request for jurisdictional discovery. (Dkt. 13 ¶¶ 1–3.) For the reasons provided in the accompanying Statement, both requests are denied. A status hearing will be set by separate order.

**STATEMENT**

This lawsuit challenges an Evanston, Illinois program that, by its stated terms, purports to compensate Black and African American residents for housing discrimination they or their ancestors faced between 1919 and 1969. (Dkt. 1 ¶ 10.) The City of Evanston Local Reparations Restorative Housing Program (the "Program") provides $25,000 in payments to members of three different groups of eligible applicants, two of those groups expressly require that the current or former resident identify as Black or African American. (*Id.* ¶¶ 13–16.)

As alleged in the Complaint, Plaintiffs are all direct descendants of persons who lived in Evanston between 1919 and 1969; neither they nor their ancestors identified as Black or African American. (*Id.* ¶¶ 3–8.) Plaintiffs assert that the race-based eligibility requirement for payments to residents and direct descendants of residents of the city violates the Equal Protection Clause of the United States Constitution. (*Id.* ¶¶ 35–41.)

To realize their claims, Plaintiffs have sued the City of Evanston under 42 U.S.C. § 1983. (*Id.* at 1.) Plaintiffs seek both a declaratory judgment that Defendant's use of race-based criteria deprives them of their constitutional rights and a permanent injunction prohibiting use of race as a requirement for receiving payment under the Program. (*Id.* ¶ 41.) They also seek attorneys' fees, litigation costs, and damages in the amount of $25,000 for each class member. (*Id.*)

As explained below, Plaintiffs' allegations of deterrence by race-based criteria are sufficient to establish Article III standing at the pleading stage. Disputes over the merits, and consequently, the timeliness of Plaintiffs' claims are best resolved through ordinary merits discovery, where the Court can benefit from a full factual record.

## I.  Background

In 2019 and 2020, the City of Evanston passed a series of resolutions creating the Program to provide $25,000 in payments to eligible residents and descendants of former residents in a purported effort to remedy historical housing discrimination. (Dkt. 1 ¶ 10; Dkt. 13-1 ¶ 3.) According to Plaintiffs, eligible applicants must fall into one of three groups:

(1) current Evanston residents who identify as Black or African American and were at least 18 years of age between 1919 and 1969 ("ancestors");

(2) individuals who identify as Black or African American, are at least 18 years of age, and have at least one parent, grandparent, or great grandparent who identified as Black or African American, lived in Evanston between 1919 and 1969, and was at least 18 years of age at the time ("direct descendants"); or

(3) current Evanston residents who are at least 18 years of age and can show that they experienced housing discrimination after 1969 because of an Evanston ordinance, policy, or procedure.

(*Id.* ¶¶ 13–16.)

Plaintiffs allege that, at all relevant times, Plaintiffs—but for the race-based criterion—satisfied and continue to satisfy all eligibility requirements for participating in the City's Program as "direct descendants." (*Id.* ¶ 22.) Plaintiffs allege that they were able and ready to apply for payments under the Program and would have applied, again but for the Program's race-based eligibility requirement. (*Id.*) Plaintiffs allege that they remain able and ready to apply and intend to apply if the race-based eligibility requirement is declared unconstitutional and enjoined. (*Id.*)

Plaintiffs allege that Defendant's use of race as an eligibility requirement injures Plaintiffs because it is a barrier that prevents them from participating in and

obtaining payments under the Program on an equal footing with persons who can satisfy Defendant's race requirement. (*Id.* ¶ 36.) Plaintiffs also allege injury by Defendant's use of race as an eligibility requirement because, but for the requirement, Plaintiffs would each be eligible for and in line to receive $25,000 under the Program. (*Id.*) As such, Plaintiffs seek a declaratory judgment that Defendant's use of race as an eligibility requirement for participation in the Program is unconstitutional. (*Id.* ¶ 41.) Plaintiffs also seek a permanent injunction prohibiting Defendant from continuing to use race as a requirement for receiving payment under the Program, as well as attorneys' fees, litigations costs, and damages in the amount of $25,000 for each class member. (*Id.*)

Now before the Court is Defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted. (Dkt. 13 ¶¶ 1, 3.) In its motion, Defendant argues that the Court lacks jurisdiction because the Plaintiffs, having suffered no particularized or concrete injury, do not have standing to bring this suit. (*Id.* ¶¶ 1, 7–19.) More specifically, Defendant contends Plaintiffs lack standing because they were not "able and ready" to participate in the Program but for the race-based criterion. (*Id.*)

To that end, Defendant seeks limited jurisdictional discovery to confirm Plaintiffs' alleged lack of standing. (Dkt. 13 ¶ 2.) Defendant also argues that Plaintiffs' claims require dismissal because they are time barred by the applicable statute of limitations. (*Id.* ¶ 3.)

## II.     Standard of Review

### A.     Motion to Dismiss for Lack of Standing

Plaintiffs seeking to have a case heard in federal court must establish Article III standing to sue. To do so, a plaintiff must show (1) an injury in fact that is concrete, particularized, and actual or imminent; (2) a causal connection between the injury and the defendant; and (3) a likelihood that the injury will be redressed by judicial relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury cannot be conjectural or hypothetical; it must be real and particularized. *Id.* at 560.

In the unequal treatment context, Plaintiffs must show a direct, personal barrier to equal treatment. *Allen v. Wright*, 468 U.S. 737 (1984). Indirect, stigmatic, or attenuated harms or a generalized sense of offense from government policy is not sufficient injury in fact for Article III standing. *Id.* When government erects a barrier that makes it more difficult for members of one group to obtain a benefit than for members of another, however, a plaintiff need not allege that he would have obtained the benefit but for the barrier. *Ne. Fla. Chapter of Associated Gen. Contractors of Am.*

*v. City of Jacksonville, Fla.*, 508 U.S. 656, 666 (1993). Instead, it is enough that plaintiff is "able and ready" to compete for the benefit and that a discriminatory policy prevents him from doing so on an equal basis. *Id.* In this sense, the "injury in fact" is not the ultimate inability to obtain the benefit, but the denial of equal opportunity to compete on a level playing field. *Id.* "Able and ready" requires more than speculative intent or abstract interest. *Carney*, 592 U.S. at 63–64. A plaintiff must demonstrate a genuine, personal desire to apply and that he is able and ready to do so in the reasonably imminent future. *Id.* But a plaintiff need not translate his or her desire into a formal application where that application would be merely a futile gesture. *Id.* at 66.

Because "[s]tanding is an essential component of Article III's case-or-controversy requirement," a defendant may seek the dismissal of nonjusticiable claims through a Rule 12(b)(1) motion for lack of subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443 (7th Cir. 2009) (quoting *Lujan*, 504 U.S. at 561). Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "are meant to test the sufficiency of the complaint, not to decide the merits of the case." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). In evaluating a Rule 12(b)(1) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Id.* The plaintiff, however, bears the burden of proving that the jurisdictional requirements have been met. *Id.*

### B.    Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

A statute of limitations defense, although not typically part of a motion under Rule 12(b)(6), is appropriate where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint

4

plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008).

## III.   Discussion

### A.   Standing

At issue in this case is whether Plaintiffs have alleged an injury in fact that is sufficient to support Article III standing. In its motion to dismiss under Rule 12(b)(1), the City of Evanston argues that Plaintiffs lack standing because they did not suffer any concrete harm from the Program. (Dkt. 13 ¶¶ 1, 7–19.) According to the City, Plaintiffs lack standing because they were not "able and ready" to participate in the Program. (*Id.*) As the City sees it, Plaintiffs did not apply to the Program, were ineligible for reasons unrelated to race, and were not prepared to apply when the application was open. (*Id.*)

Defendant relies primarily on *Carney v. Adams*, 592 U.S. 53, 61 (2020) and its narrow application of the "able and ready" doctrine. (Dkt. 13 ¶¶ 12–13.) In *Carney*, the Supreme Court found—at the summary judgment stage—that the plaintiff's conclusory statements that he was "able and ready" to apply for certain judgeships were insufficient to establish an injury in fact when other aspects of the record contradicted the plaintiff's allegations. *Carney*, 592 U.S. at 61. *Carney*'s plaintiff lacked standing because his stated intent to apply to be a judge in the future was contradicted by the record demonstrating his lack of knowledge about the selection process and the lack of specificity in his plans to apply. *Id.* at 63–64.

In this case, the City contends Plaintiffs' complaint is similarly devoid of any allegations regarding the timing of Plaintiffs' knowledge of the Program, whether they could have applied, or how they could have satisfied what Defendant claims were the Program's residency and housing-related eligibility requirements. (Dkt. 13 ¶ 14.) Plaintiffs were not "able" to apply to the Program, the City maintains, because, although their relatives once lived in Evanston, nothing in Plaintiffs' complaint alleges that Plaintiffs live in or own property they intended to improve in Evanston. (*Id.* ¶ 15.) This argument has a flaw: Plaintiffs' complaint, the truth of which must be accepted at the motion to dismiss stage, does not allege that such residency and housing-related criteria were requirements of the Program. (Dkt. 1 ¶ 14.) Factual development in the ordinary course of this litigation may well bear out the truth of the City's contention, but when faced with a motion to dismiss, a court cannot rightfully accept the truth of proffered facts not contained in the complaint. *Lewis*, 411 F.3d at 842.

5

Defendant also argues Plaintiffs were not "ready" to apply. (Dkt. 13 ¶ 18.) To have been deterred by a Program requirement, Defendant argues, each plaintiff must have been prepared to apply on or before November 5, 2021. (*Id.*) Because Plaintiffs neither applied by that date nor allege awareness of the Program during the relevant period, Defendant concludes they were not ready to timely apply to the Program. (*Id.*) Plaintiffs, however, maintain that the application period never closed and that the Program accepted applications on a rolling basis. (Dkt. 1 ¶¶ 11, 13, 18–21.) These allegations are controlling for purposes of resolving Defendant's motion to dismiss. *Iqbal*, 556 U.S. at 678.

Defendant's arguments regarding Plaintiffs' failure to meet the purported additional non-race requirements confuse the merits of this matter with standing. *Finch v. Tetro*, 606 F. Supp. 3d 811, 825-26 (N.D. Ill. 2022) (distinguishing *Carney* because it involved summary judgment and the well-pled complaint was enough to survive the motion to dismiss). What constitutes "able and ready" conduct sufficient to establish standing in equal-treatment barrier cases can be highly fact-specific, because the injury is the denial of equal treatment itself. *See Northeastern Florida*, 508 U.S. at 666; *Adarand*, 515 U.S. at 211. Standing can be challenged at any time, but at this stage, the Court must accept as true the complaint's factual allegations about the Program's eligibility requirements and draw all reasonable inferences in the Plaintiff's favor. *Lujan*, 504 U.S. at 561.

Moreover, Defendant's argument—that Plaintiffs have no standing because they never applied to participate in the Program—appears contrary to applicable law. (Dkt. 13 ¶ 1); *Finch v. Treto*, 606 F. Supp. 3d 811, 827 (N.D. Ill. 2022) ("Seventh Circuit caselaw confirms that, in th[e] context [of being denied consideration on an equal footing with others], there is no application requirement") (citing *Black Bear Sports Grp., Inc. v. Amateur Hockey Ass'n of Ill., Inc.*, 962 F.3d 968, 971 (7th Cir. 2020)). Plaintiffs' application to a program that limits eligibility on the basis of immutable race characteristics would have been a futile gesture. *Id.* Unlike *Carney*, Plaintiffs cannot change race, age, or ancestors in the sense the *Carney* court suggests the plaintiff manipulated standing. *Carney*, 592 U.S. at 55–56.

Given Plaintiffs' well-pleaded allegations and the apparent futility of any application they might otherwise have submitted, Plaintiffs' alleged deterrence by race-based criterion is sufficient to establish Article III injury in fact at the pleading stage. Accordingly, the motion to dismiss under Rule 12(b)(1) is denied.

### B.     Jurisdictional Discovery

Defendant seeks jurisdictional discovery on two points: first, whether each Plaintiff actually knew about the Program during the September–November 2021

application window (Dkt. 13 at 7–8); and second, whether each Plaintiff then owned, was pursuing, or had concrete plans to use property in Evanston, or otherwise had specific plans to use a housing-tied benefit. (*Id.*)

Because the core standing dispute is deeply intertwined with disputed Program mechanics, Plaintiff's request must be denied. Plaintiffs allege a present-tense barrier injury and that the City is now administering the Program through a direct-cash program, meaning that property ownership no longer represent a closed gate to eligibility. (Dkt. 1 ¶¶ 10–24.) Awareness in 2021 is likewise beside the point where the alleged injury is exclusion from an ongoing program today. *See Apex Digital, LLC v. Sears, Roebuck & Co.*, 572 F.3d 440, 444–45 (7th Cir. 2009). Moreover, the eligibility of "direct descendants" turns on age, race, and relationship, which are all factually intensive matters. Defendant's disputes are thus better resolved through ordinary merits discovery, where the Court can benefit from a fuller factual record. (*Id.* ¶ 14); s*ee Warth v. Seldin*, 422 U.S. 490, 501–02 (1975). As a result, Defendant's request to conduct jurisdictional discovery is denied. Defendant will remain free, of course, to raise again any jurisdiction-based arguments (standing or otherwise) once the parties have developed a fuller factual record.

### C.    Statute of Limitations

Because 42 U.S.C. § 1983 does not include a statute of limitations, courts apply the statute of limitations for personal-injury torts in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under Illinois law, personal-injury torts have a two-year statute period. *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017) ("The appropriate statute of limitations for § 1983 cases filed in Illinois is two years[.]") (citing 735 Ill. Comp. Stat. 5/13-202).

Defendant argues that the application process for the Program closed on November 5, 2021, and Plaintiffs' claim began to accrue no later than that date. (Dkt. 13 ¶ 25–31.) This means, Defendant contends, that the complaint is untimely and must be dismissed under Rule 12(b)(6). (*Id.*) Plaintiffs assert that the application period is not closed and that applications are accepted on a rolling basis. (Dkt. 1 ¶¶ 11, 13, 18–21.)

Given the parties' factual dispute regarding the application period for the Program and Plaintiffs' knowledge of that period, untimeliness is not proper to consider at this motion to dismiss stage. Because the complaint does not "plainly reveal" that the action is untimely under the governing statute of limitations, Defendant's motion to dismiss under Rule 12(b)(6) must be denied. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.2005); *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008).

## IV.     Conclusion

Defendant's motion to dismiss and request for jurisdictional discovery (Dkt. 13 ¶¶ 1–3) are denied.

SO ORDERED in No. 24-cv-04269.

Date: March 27, 2026

JOHN F. KNESS
United States District Judge

8