**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MARGOT FLINN, CAROL JOHNSON, )
STASYS NEIMANAS, BARBARA REGARD, )
HENRY REGARD, and STEPHEN WEILAND, )
                                          )
                 *Plaintiffs*, )
                                          )      Case Number: 24-cv-04269
v.                                      )
                                          )      Hon. John F. Kness, District Judge
CITY OF EVANSTON                    )
                                          )
                 *Defendant*. )
                                          )
                                          )

**DEFENDANT CITY OF EVANSTON'S ANSWER AND
<u>DEFENSES TO THE COMPLAINT</u>**

Defendant City of Evanston ("Evanston"), by its undersigned counsel, respectfully submits this Answer and Defenses to the Complaint (the "Answer") in response to the Complaint filed by Plaintiffs Margot Flinn, Carol Johnson, Stasys Neimanas, Barbara Regard, Henry Regard, and Stephen Weiland as follows:

**<u>PRELIMINARY STATEMENT</u>**

*First*, with respect to the Complaint in its entirety, Evanston denies that it engaged in any improper conduct. Evanston denies each and every allegation in the Complaint that is not expressly admitted herein. Evanston has not repeated the headings used in the Complaint in this Answer. To the extent the headings in the Complaint can be construed as allegations, Evanston also denies those allegations.

*Second*, Evanston is answering the Complaint to the best of its current knowledge or information and consistent with the applicable rules. Evanston's investigation in this matter

1

continues, and it reserves the right to supplement or modify any portion of this Answer, including its defenses, at any time.

## ANSWER TO THE COMPLAINT

1. The Court has jurisdiction of this lawsuit under 28 U.S.C. §§ 1331 and 1343(a)(3).

**ANSWER:** To the extent the allegations in Paragraph 1 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 1 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 1.

2. Venue is proper under 28 U.S.C. § 1391(b)(2).

**ANSWER:** To the extent the allegations in Paragraph 2 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 2 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 2.

3. Plaintiff Margot Flinn is at least 18 years of age and is a direct descendant of Evanston residents. Plaintiff Flinn's parents and grandparents lived in Evanston between 1919 and 1969 and were at least 18 years of age at the time. Plaintiff Flinn does not identify as Black or African American, nor did her Evanston parents or grandparents identify as Black or African American.

**ANSWER:** Evanston lacks sufficient knowledge or information to form a belief as to the truth of any and all allegations in Paragraph 3 and therefore denies the allegations in Paragraph 3.

4. Plaintiff Carol Johnson is at least 18 years of age and is a direct descendant of Evanston residents. Plaintiff Johnson's parents and grandparents lived in Evanston between 1919 and 1969 and were at least 18 years of age at the time. Plaintiff Johnson does not identify as Black or African American, nor did her Evanston parents or grandparents identify as Black or African American.

**ANSWER:** Evanston lacks sufficient knowledge or information to form a belief as to the truth of any and all allegations in Paragraph 4 and therefore denies the allegations in Paragraph 4.

5. Plaintiff Stasys Neimanas is at least 18 years of age and is a direct descendant of Evanston residents. Plaintiff Neimanas' parents lived in Evanston between 1919 and 1969 and were at least 18 years of age at the time. Plaintiff Neimanas does not identify as Black or African American, nor did his Evanston parents identify as Black or African American.

**ANSWER:** Evanston lacks sufficient knowledge or information to form a belief as to the truth of any and all allegations in Paragraph 5 and therefore denies the allegations in Paragraph 5.

6. Plaintiff Barbara Regard is at least 18 years of age and is a direct descendant of Evanston residents. Plaintiff Barbara Regard's parents lived in Evanston between 1919 and 1969 and were at least 18 years of age at the time. Plaintiff Barbara Regard does not identify as Black or African American, nor did her Evanston parents identify as Black or African American.

**ANSWER:** Evanston lacks sufficient knowledge or information to form a belief as to the truth of any and all allegations in Paragraph 6 and therefore denies the allegations in Paragraph 6.

7. Plaintiff Henry Regard is at least 18 years of age and is a direct descendant of Evanston residents. Plaintiff Henry Regard's parents lived in Evanston between 1919 and 1969 and were at least 18 years of age at the time. Plaintiff Henry Regard does not identify as Black or African American, nor did his Evanston parents identify as Black or African American.

**ANSWER:** Evanston lacks sufficient knowledge or information to form a belief as to the truth of any and all allegations in Paragraph 7 and therefore denies the allegations in Paragraph 7.

8. Plaintiff Stephen Weiland is at least 18 years of age and is a direct descendant of Evanston residents. Plaintiff Weiland's father and grandparents lived in Evanston between 1919 and 1969 and were at least 18 years of age at the time. Plaintiff Weiland does not identify as Black or African American, nor did his Evanston father and grandparents identify as Black or African American.

**ANSWER:** Evanston lacks sufficient knowledge or information to form a belief as to the truth of any and all allegations in Paragraph 8 and therefore denies the allegations in Paragraph 8.

9. Defendant City of Evanston ("Evanston" or "the City") is a general-purpose municipal government located in Cook County, Illinois. It is a home rule unit, as defined in the 1970 Illinois Constitution.

**ANSWER:** Evanston admits the allegations in Paragraph 9.

10. Through a series of resolutions adopted by the Evanston City Council, Evanston has created a program to provide $25,000 in cash payments to residents who lived in Evanston between 1919 and 1969 and their children, grandchildren, and great-grandchildren. The program, entitled "City of Evanston Local Reparations Restorative Housing Program," uses race as a

3

requirement for receiving payment and purports to remedy housing discrimination experienced by Black and African American residents 55 to 105 years ago. The City committed an initial $10,000,000 to the program at the time it was created. It committed an additional $10,000,000 in November 2022.

**ANSWER:** Evanston states that in 2019 and 2020, Evanston passed a series of resolutions and adopted reports acknowledging Evanston's history of policies and practices that explicitly discriminated against its Black residents between 1919 and 1969 in housing, and how the discrimination's effects lingered to present day. *See Evanston Local Reparations: 13 Reports at* https://www.cityofevanston.org/government/initiatives/evanston_local_reparations.php (last visited May 8, 2026). In 2021, Evanston created the City of Evanston Local Reparations Restorative Housing Program (the "Program") through a series of resolutions adopted by the Evanston City Council, which is a legal and narrowly tailored remedial measure designed to address documented historical housing discrimination in Evanston. Evanston admits that the Program was created and designed to provide $25,000 housing grants to Evanston residents who either suffered the acknowledged discrimination directly, were direct descendants of those who suffered the acknowledged discrimination directly, or were individuals who suffered from any other housing discrimination due to Evanston's policies and practices after 1969. *See Evanston Local Reparations: Reports, Resolution 37-R-21, Authorizing the Implementation of the Evanston Local Reparations Restorative Housing Program at* https://www.cityofevanston.org/government/initiatives/evanston_local_reparations.php#docacce ss-891784f741fe2752d0a65d7a12ebba68e1edd0bfed6cc9cab23d4b4666f41627 (last visited May 8, 2026). Thus, Evanston admits that under two of the three eligibility categories for the Program, applicants identified whether they were "ancestors" or "direct descendants." *See id.* Evanston further admits that it committed $10,000,000 to the Program initially. *Id.* Evanston further admits

that it committed an additional $10,000,000 to the Program in November 2022. Except as expressly admitted herein, Evanston denies the remaining allegations in Paragraph 10.

11. Following an initial set of applications, further applications will be accepted on a rolling basis. At no point has Evanston asserted that the program is closed.

**ANSWER:** Evanston denies the allegations in Paragraph 11. Evanston further states that the application period for the Program closed on November 5, 2021. *See Evanston Local Reparations: Application at* https://www.cityofevanston.org/government/initiatives/evanston_local_reparations.php (last visited May 8, 2026).

12. As part of the application process, applicants are required to state whether they and their ancestors identify as Black or African American.

**ANSWER:** Evanston admits that under two of the three eligibility categories for the Program applicants identified whether they were "ancestors" or "direct descendants" as detailed in the Resolution detailing the Program at *Evanston Local Reparations: Reports*, *Resolution 37-R-21, Authorizing the Implementation of the Evanston Local Reparations Restorative Housing Program* (last visited May 8, 2026); and the Program guidelines *at* https://cityofevanston.civicweb.net/document/49816/Reparations-%20Restorative%20Housing%20Program%20Guideline.pdf (last visited May 8, 2026). Except as expressly admitted herein, Evanston denies the remaining allegations in Paragraph 12.

13. The first group of persons eligible for $25,0000 payments under the program are current Evanston residents who identify as Black or African American and were at least 18 years of age between 1919 and 1969. Evanston refers to this first group as "ancestors." To date, the City has approved payments to 141 "ancestors" and at least 129 have already received payments.

**ANSWER:** Evanston objects to the definition of "ancestors" to the extent the definition in Paragraph 13 relates to the definitions of eligibility categories for the Program, and Evanston

further incorporates and realleges its Answer to Paragraph 12 as if fully set forth herein. Except as expressly admitted herein, Evanston denies the remaining allegations in Paragraph 13.

14.     The second group of persons eligible for $25,000 payments under the program are individuals who identify as Black or African American, are at least 18 years of age, and have at least one parent, grandparent, or great grandparent who identifies (or identified) as Black or African American, lived in Evanston between 1919 and 1969, and was at least 18 years of age at the time. Evanston refers to this second group as "direct descendants." A "direct descendant" is not required to be a current Evanston resident to receive a payment.

**ANSWER:** Evanston objects to the definition of "direct descendant" to the extent the definition in Paragraph 14 relates to the definitions of eligibility categories for the Program, and Evanston further incorporates and realleges its Answer to Paragraph 12 as if fully set forth herein. Except as expressly admitted herein, Evanston denies the remaining allegations in Paragraph 14.

15.     At no point in the application process are persons in the first and second groups required to present evidence that they or their ancestors experienced housing discrimination or otherwise suffered harm because of an unlawful Evanston ordinance, policy, or procedure or some other unlawful act or series of acts by Evanston between 1919 and 1969. In effect, Evanston is using race as a proxy for having experienced discrimination during this time period.

**ANSWER:** Evanston denies the allegations in Paragraph 15. Evanston further incorporates and realleges its Answers to Paragraphs 10 and 12 as if fully set forth herein.

16.     A third group of persons eligible for $25,000 payments under the program are current Evanston residents who are at least 18 years of age and can show that they experienced housing discrimination after 1969 because of an Evanston ordinance, policy, or procedure. Unlike the first and second group of recipients, Evanston does not expressly use race as an eligibility requirement for this third group.

**ANSWER:** Evanston objects to Paragraph 16 to the extent it seeks to describe the third eligibility category for the Program, and Evanston further incorporates and realleges its Answer to Paragraph 12 as if fully set forth herein. Except as expressly admitted herein, Evanston denies the remaining allegations in Paragraph 16.

17.     On March 27, 2023, Evanston expanded the program to include an option to receive a direct cash payment.

**ANSWER:** Evanston denies the allegations in Paragraph 17. Evanston states on March 27, 2023, Evanston simply added an additional means of paying the approved applicants for the Program, all who applied to the Program on or before November 5, 2021, which allowed those approved applicants to receive direct cash payments.

18.     As of October 5, 2023, Evanston was still verifying "direct descendant" applications, including applicants' "ancestor" information.

**ANSWER:** Evanston admits that as of October 5, 2023, it was still verifying all applications to the Program that were received on or before November 5, 2021, including "direct descendant" applications. Except as expressly admitted herein, Evanston denies the remaining allegations in Paragraph 18.

19.     By January 11, 2024, Evanston had approved 454 "direct descendant" applications, but had not made any payments to the approved applicants. The City has represented that all 454 will receive $25,000 each.

**ANSWER:** Evanston admits that by January 11, 2024, it had approved 454 "direct descendant" applications that were received on or before November 5, 2021, and that all 454 of those approved applicants will receive $25,000 each, the timing of which depends on available funding. Except as expressly admitted herein, Evanston denies the remaining allegations in Paragraph 19.

20.     On or about January 11, 2024, Evanston randomly assigned selection numbers to the 454 approved "direct descendants" to determine the order in which the payments will be made. Evanston anticipates making $25,000 payments to at least 80 approved "direct descendants" in 2024. The remaining approved "direct descendants" presumably will be paid sometime after 2024.

**ANSWER:** Evanston admits that on or about January 11, 2024, it assigned selection numbers to approved "direct descendants" who applied to the Program on or before November 5, 2021 to determine payment order. Evanston further admits it anticipated making payments to at least 80 of those approved "direct descendants" in 2024, the timing of which continues to depend

on available funding. Except as expressly admitted herein, Evanston denies the remaining allegations in Paragraph 20.

21.     As of May 1, 2024, the City had met with 70 of the 80 "direct descendants" who are most likely to receive payments in 2024. Some 60 of these "direct descendants" opted to receive a direct cash payment.

**ANSWER:** Evanston admits that as of May 1, 2024, it had met with 70 of the approved applicants who had applied to the Program on or before November 5, 2021, and that approximately 60 of those 70 applicants opted to receive a direct cash payment. Except as expressly admitted herein, Evanston denies the remaining allegations in Paragraph 21.

22.     At all relevant times, Plaintiffs satisfied and continue to satisfy all eligibility requirements for participating in the City's program as "direct descendants" other than the race requirement.

**ANSWER:**  Evanston lacks sufficient knowledge or information to form a belief as to the truth of any and all allegations in Paragraph 22 and therefore denies the allegations in Paragraph 22.

23.     At all relevant times, Plaintiffs were able and ready to apply for payments under the program and would have applied but for the program's race-based eligibility requirement. Plaintiffs remain able and ready to apply for payments under the program and intend to apply if the race-based eligibility requirement is declared unconstitutional and enjoined.

**ANSWER:** Evanston lacks sufficient knowledge or information to form a belief as to the truth of any and all allegations in Paragraph 23 and therefore denies the allegations in Paragraph 23.

24.     But for the program's race-based eligibility requirement, Plaintiffs would be in line to receive $25,000 direct cash payments as "direct descendants."

**ANSWER:** Evanston lacks sufficient knowledge or information to form a belief as to the truth of any and all allegations in Paragraph 24 and therefore denies the allegations in Paragraph 24.

25. Plaintiffs bring this class action under Rule 23 of the Federal Rules of Civil Procedure. The class includes all individuals who are able and ready to apply for the program and are eligible for a $25,000 payment but for the program's race-based eligibility requirement.

**ANSWER:** To the extent the allegations in Paragraph 25 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 25 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 25.

26. The class is so numerous that joinder of all members is impractical, as Plaintiffs estimate that, given the 50-year time-period covered by the program and the City's population during that period, the number of members is in the tens of thousands, if not more.

**ANSWER:** To the extent the allegations in Paragraph 26 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 26 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 26.

27. There are questions of fact and law common to all class members, as each member is eligible for a $25,000 payment but for the program's race-based eligibility requirement, which violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

**ANSWER:** To the extent the allegations in Paragraph 27 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 27 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 27.

28. Plaintiffs' claims are typical of other class members, as Evanston is discriminating against each member on the basis of the member's race, in violation of the Equal Protection Clause to the U.S. Constitution.

**ANSWER:** To the extent the allegations in Paragraph 28 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 28 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 28.

29. Plaintiffs fairly and adequately represent the interests of the other class members, as each class member is eligible for a $25,000 payment if Evanston's race-based eligibility requirement is declared unlawful and enjoined.

**ANSWER:** To the extent the allegations in Paragraph 29 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 29 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 29.

30. A class action can be maintained because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Evanston. Prosecuting separate actions by individual class members also would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications.

**ANSWER:** To the extent the allegations in Paragraph 30 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 30 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 30.

31. A class action can be maintained because Evanston has acted on grounds that apply generally to the class, so that the relief sought is appropriate for the class as a whole.

**ANSWER:** To the extent the allegations in Paragraph 31 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 31 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 31.

32. A class action can be maintained because the questions of law or fact common to class members predominate over any questions affecting only individual members. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy because all class members are subjected to the same Equal Protection violation and, but for Evanston's racial discrimination, all class members would be eligible for a $25,000 payment.

**ANSWER:** To the extent the allegations in Paragraph 32 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those

10

allegations in Paragraph 32 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 32.

## COUNT I

33. Plaintiffs reallege paragraphs 1 through 32 as if fully stated herein.

**ANSWER:** Evanston incorporates and restates each of its answers set forth in Paragraphs 1 through 32 as if fully set forth herein.

34. Defendant's use of race as an eligibility requirement for a payment is an express policy or widespread practice so permanent and well-settled that it constitutes a custom or practice for purposes of municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

**ANSWER:** To the extent the allegations in Paragraph 34 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 34 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 34. Evanston further incorporates and realleges its Answers to Paragraphs 10 and 12 as if fully set forth herein.

35. Plaintiffs enjoy the right to equal protection of the laws as protected by the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

**ANSWER:** To the extent the allegations in Paragraph 35 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 35 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 35.

36. Defendant, acting under color of law, is depriving Plaintiffs of their right to equal protection by purposefully and intentionally discriminating against Plaintiffs on the basis of race. Defendant's use of race as an eligibility requirement injures Plaintiffs because it is a barrier that prevents Plaintiffs from participating in and obtaining payments under the program on an equal footing with persons who are able to satisfy Defendant's race requirement. Plaintiffs also are injured by Defendant's use of race as an eligibility requirement because, but for the requirement, Plaintiffs would each be eligible for and in line to receive $25,000 under the program.

**ANSWER:** To the extent the allegations in Paragraph 36 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 36 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 36. Evanston further incorporates and realleges its Answers to Paragraphs 10 and 12 as if fully set forth herein.

37. Defendant's use of race as an eligibility requirement is presumptively unconstitutional. *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 227 (1995).

**ANSWER:** To the extent the allegations in Paragraph 37 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 37 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 37. Evanston further incorporates and realleges its Answers to Paragraphs 10 and 12 as if fully set forth herein.

38. Defendant's use of race as an eligibility requirement cannot survive strict scrutiny. Among other reasons, Defendant has not identified a compelling governmental interest advanced by its race-based program. Remedying societal discrimination is not a compelling governmental interest. *Richmond v. J.A. Croson Co.*, 488 U.S. 469, 505 (1989); *see also Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 307 ((1978) (opinion of Powell, J.) (describing "societal discrimination" as "an amorphous concept of injury that may be ageless in its reach into the past."). Remedying discrimination from 55 to 105 years ago or remedying discrimination experienced at any time by an individual's parents, grandparents, or great grandparents has not been recognized as a compelling governmental interest. Defendant also has not demonstrated that its actions between 1919 and 1969 constituted a prima facie constitutional or statutory violation of anti-discrimination laws in effect at the time, let alone provide a strong basis in evidence that remedial action is necessary five-plus decades if not more than a century later. *Richmond*, 488 U.S. at 500.

**ANSWER:** To the extent the allegations in Paragraph 38 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 38 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 38. Evanston further incorporates and realleges its Answers to Paragraphs 10 and 12 as if fully set forth herein.

39. Defendant also has not and cannot demonstrate that its use of a race as an eligibility requirement is narrowly tailored. Among other shortcomings, Defendant's use of race as a proxy for experiencing discrimination between 1919 and 1969 does not limit eligibility to persons who actually experienced discrimination during that time period and therefore is overinclusive. Defendant also failed to consider race-neutral alternatives, such as requiring prospective recipients show that they or their parents, grandparents, or great grandparents actually experienced housing discrimination during the relevant time period because of an Evanston ordinance, policy, or procedure, as Defendant requires for the third group of prospective recipients. Nor did Defendant take into account race-neutral anti-discrimination remedies before adopting its race-based eligibility requirement.

**ANSWER:** To the extent the allegations in Paragraph 39 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 39 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 39. Evanston further incorporates and realleges its Answers to Paragraphs 10 and 12 as if fully set forth herein.

40. Plaintiffs are being irreparably harmed by Defendant's deprivation of their rights to equal protection and will continue to be irreparably harmed unless Defendant's use of race as an eligibility requirement for the program is declared unconstitutional and enjoined.

**ANSWER:** To the extent the allegations in Paragraph 40 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 40 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 40.

41. Plaintiffs have no adequate remedy at law.

**ANSWER:** To the extent the allegations in Paragraph 41 contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations in Paragraph 41 and no further response is required. To the extent a response is required, Evanston denies the allegations in Paragraph 41.

WHEREFORE, Plaintiffs, individually and on behalf of all class members, respectfully request that the Court: (1) declare Defendant's use of race as an eligibility requirement for participation in the program to be unconstitutional; (2) enjoin Defendant from using race as an eligibility requirement; (3) award payments to all eligible individuals; (4) award Plaintiffs

attorneys' fees and other litigation costs reasonably incurred pursuant to 42 U.S.C. § 1988; and (5) grant Plaintiffs other such relief that the Court deems just and proper.

**ANSWER:** To the extent the allegations in this unnumbered Paragraph contain legal arguments, legal conclusions, or are otherwise not factual allegations, Evanston neither admits nor denies those allegations and no further response is required. To the extent a response is required, Evanston denies that Plaintiffs are entitled to any relief, including the relief stated in the above unnumbered Paragraph. Evanston further states that Plaintiffs have suffered no damages or injury.

## EVANSTON'S AFFIRMATIVE AND OTHER DEFENSES

Evanston asserts the following defenses to the Complaint. In asserting these defenses, Evanston does not assume any burden of proof or persuasion not otherwise allocated to it by law.

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Plaintiffs have not adequately alleged a cognizable injury traceable to Evanston's Restorative Housing Program, nor have they alleged facts sufficient to establish their entitlement to the declaratory, injunctive, or monetary relief they seek.

### SECOND DEFENSE
### (STATUTE OF LIMITATIONS)

Plaintiffs' Complaint is barred, in whole or in part, by the applicable statute of limitations. Section 1983 claims in Illinois are governed by a two-year limitations period. *See* 735 ILCS 5/13-202. Evanston's Restorative Housing Program's application period closed on November 5, 2021. *See Evanston Local Reparations: Application* at https://www.cityofevanston.org/government/initiatives/evanston_local_reparations.php (last visited May 8, 2026). This action was not filed until 2024, more than two years after the application period for the Program closed.

14

## THIRD DEFENSE
### (LACHES)

Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of laches. Plaintiffs unreasonably delayed bringing this action, and such delay has materially prejudiced Evanston. Also, Evanston's Restorative Housing Program's application period closed on November 5, 2021. *See Evanston Local Reparations: Application* at https://www.cityofevanston.org/government/initiatives/evanston_local_reparations.php (last visited May 8, 2026). This action was not filed until 2024, more than two years after the application period for the Program closed.

## FOURTH DEFENSE
### (STANDING)

Plaintiffs lack standing to bring this action because they have not suffered an injury that is concrete, particularized, actual or imminent, plausible, causally linked to, or fairly traceable to the conduct complained of.

## FIFTH DEFENSE
### (CLASS ALLEGATIONS)

The purported class fails to meet the requirements of Federal Rule of Civil Procedure 23, including numerosity, commonality, typicality, adequacy of representation, predominance, and superiority.

## SIXTH DEFENSE
### (GOVERNMENTAL IMMUNITY)

To the extent Plaintiffs seek damages, Evanston is entitled to municipal immunity for acts undertaken in its legislative capacity, including the adoption of ordinances and resolutions creating the Restorative Housing Program. *See 745 ILCS 10/ et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Defendant City of Evanston respectfully requests that this Court:

15

1.  Deny class certification;

2.  Enter judgment in favor of Evanston on all claims;

3.  Deny all relief requested by Plaintiffs, including declaratory relief, injunctive relief, and damages;

4.  Award Evanston its costs and attorney's fees; and

5.  Grant such other and further relief as the Court deems just and proper.

Dated: May 8, 2026                     Respectfully submitted,


By: /s/ *Precious S. Jacobs-Perry*
Wade A. Thomson
Precious S. Jacobs-Perry
Jeffrey Salvadore
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Tel.: (312) 222-9350
Fax: (312) 527-0484
wthomson@jenner.com
pjacobs-perry@jenner.com
jsalvadore@jenner.com


Alexandra B. Ruggie
Cynthia Grandfield
CITY OF EVANSTON
2100 Ridge Ave
Evanston, IL 60201
Tel.: (847) 866-2937
aruggie@cityofevanston.org
cgrandfield@cityofevanston.org

*Counsel for Defendant*

16

## **CERTIFICATE OF SERVICE**

I, Precious S. Jacobs-Perry, an attorney, hereby certify that on May 8, 2026, I caused the foregoing document to be filed electronically with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

By: /s/ *Precious S. Jacobs-Perry*
Attorney for Defendant City of Evanston