**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Margot Flinn, Carol Johnson, Stasys
Neimanas, Barbara Regard, Henry Regard,
and Stephen Weiland,

      Plaintiffs,

v.

City of Evanston,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 24-cv-4269

Hon. John F. Kness

Hon. Gabriel A. Fuentes

**DEFENDANT CITY OF EVANSTON'S
<u>MOTION TO BIFURCATE DISCOVERY</u>**

Defendant City of Evanston ("Evanston") respectfully requests that the Court enter an order bifurcating discovery in this matter. As Evanston proposed in the Joint Initial Status Report, *see* ECF No. 44, Evanston specifically requests that the Court bifurcate discovery such that the parties first compile a factual record and complete summary judgment briefing related to Evanston's statute of limitations affirmative defense and then, if necessary, address the merits of Plaintiffs' claims, as such bifurcation would save party and judicial resources. Evanston has conferred with counsel for Margot Flinn, Carol Johnson, Stasys Neimanas, Barbara Regard, Henry Regard, and Stephen Weiland (collectively, "Plaintiffs") who indicated Plaintiffs oppose Evanston's motion. The Parties' agreed proposed briefing schedule for this motion will be filed separately, per this Court's Motion Policy.

**<u>BACKGROUND</u>**

Plaintiffs filed their Complaint in this action on May 23, 2024. *See* ECF No. 1 ("Complaint"). In the Complaint, Plaintiffs assert that during "all relevant times" they were aware of Evanston's Local Reparations Restorative Housing Program (the "Program") and were deterred

from applying due to Evanston's alleged consideration of race in the Program's eligibility criteria. Compl. ¶ 23. Plaintiffs also contend that, following an initial application period, applications to participate in the Program would be accepted on a rolling basis and the opportunity to apply to the Program has not closed. Compl. ¶ 11.

Evanston filed a Motion to Dismiss and For Leave to Take Jurisdictional Discovery on July 22, 2024. *See* ECF No. 13. In its motion, Evanston asserted that Plaintiffs' claims were untimely under the two-year statute of limitations period applied to claims brought under 42 U.S.C. § 1983 in Illinois, thus warranting dismissal under Fed. R. Civ. Pro. 12(b)(6). *Id.* at 8. Evanston argued that because the Program only accepted applications to participate in the Program between September 21, 2021 and November 5, 2021 (the "Application Period"), and because Plaintiffs' alleged injury (i.e., being deterred from applying to the Program due to the Program's alleged consideration of race, *see* Compl. ¶ 23), Plaintiffs' claims accrued on the date that applications to the Program closed, i.e., November 5, 2021. ECF No. 13 at 9. The Complaint was dated May 23, 2024, which is clearly more than two years after the accrual date of November 5, 2021 and outside the statute of limitations.

The Court denied Evanston's Motion to Dismiss on the statute of limitations ground because the Court found that a factual dispute existed "regarding the application period for the Program and Plaintiffs' knowledge of that period" and thus "untimeliness is not proper to consider at this motion to dismiss stage." *See* ECF No. 37 at 7. The Court also noted that "[b]ecause the complaint does not 'plainly reveal' that the action is untimely under the governing statute of limitations," dismissal under Fed. R. Civ. Pro. 12(b)(6) was not appropriate. *Id.* (citation omitted).

After Evanston filed its answer on May 8, 2026, the Parties were unable to reach agreement on a case schedule and proposed different discovery schedules in the Joint Initial Status Report.

*See* ECF No. 44. Evanston's discovery schedule proposes a 90-day period of discovery dedicated exclusively to statute of limitations issues following a scheduling conference with the Court. *Id.* at 5. Thereafter, dispositive motions related to statute of limitation issues will be due 30 days later, or 120 days after the scheduling conference. *Id.* Evanston proposes that the remainder of fact discovery close 180 days after this Court's ruling on the limited summary judgment motion related to the timeliness of Plaintiffs' claims. Evanston proposes that further case deadlines, if needed, should flow from the Court's ruling on timeliness. *Id.*

## STANDARD OF REVIEW

Generally, "[w]hether to bifurcate discovery is a determination that rests within the discretion of the trial court." *America's Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 WL 3474444, at *5 (N.D. Ill. July 19, 2018). "Courts consider several factors in determining whether bifurcation is appropriate, including separability of the issues, simplification of discovery and conservation of resources, and prejudice to the parties." *Hoffman v. Goli Nutrition, Inc.*, 2025 WL 2459081, at *1 (C.D. Cal. Aug. 25, 2025) (quotation omitted). "Bifurcation is warranted where it promises to promote efficiency and economy without working substantial prejudice." *Christian v. Generation Mortg. Co.*, 2013 WL 2151681, at *4 (N.D. Ill. May 16, 2013).

## DISCUSSION

### I. EVANSTON'S PROPOSED BIFURCATED DISCOVERY PLAN WOULD CONSERVE JUDICIAL AND PARTY RESOURCES WHILE ADDRESSING THE DISPOSITIVE ISSUE OF PLAINTIFFS' TIMELINESS.

The Court's ruling on Evanston's Motion to Dismiss indicated that "the complaint does not 'plainly reveal' that the action is untimely under the governing statute of limitations," *See* ECF No. 37 at 7. Since Evanston can develop a factual record to support the untimeliness of the Complaint, Evanston requests that the Court sequence discovery to first address Evanston's statute

of limitations affirmative defense, which would most efficiently allow the Court to resolve this case by addressing the straightforward issue of timeliness. Moreover, first addressing whether Plaintiffs' claims are time-barred would allow the Court and the Parties to avoid the likely burdensome discovery, including the complex disputes over class certification, that will arise during the course of discovery into the merits of the Complaint.

The timeliness of Plaintiffs' claims is clearly dispositive. Plaintiffs' injuries are predicated on being able and ready to apply to the Program during the Application Period but being deterred from doing so. *See* Compl. ¶ 23; *see also Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 666 (1993) (stating that standing in a case challenging a government program must be established by showing a plaintiff was "able and ready" to apply but was deterred by an allegedly discriminatory policy). Plaintiffs previously contended that their claims were timely because they continued to be injured each time Evanston reviewed Program applications and were unable to take advantage of changes made to the Program during implementation. *See* ECF No. 20 at 13–15. However, any claim by Plaintiffs regarding an ongoing injury still requires Plaintiffs to establish that they were truthfully able and ready to apply during the Application Period. Otherwise, they would not be able to benefit from any subsequent change during the implementation of the Program. Plaintiffs' failure to apply to the Program means their claims accrued and the statute of limitations began to run when the Application Period closed on November 5, 2021, and thus their claims would be time-barred. Accordingly, targeted discovery into these discrete factual issues will permit the Court to rule on the timeliness of Plaintiffs' claims while likely avoiding more burdensome discovery into the merits of the rest of the case.

In contrast to the distinct legal and factual issues related to timeliness, proceeding with full merits discovery would be burdensome for both the Parties and the Court. Evanston developed the

4

Program over the course of several years, including lengthy government deliberations, public meetings, and compilations of historical records of Evanston's past discriminatory policies and practices. Likewise, significant research will be necessary to assess whether Plaintiffs satisfy the eligibility requirement for the Program and whether they are adequate representatives of any purported class that Plaintiffs claim to represent. There are also significant factual disputes about the Program's eligibility requirements and Plaintiffs' capacity to meet them, which is otherwise a prerequisite for standing. In addition, while Evanston is prepared to vigorously defend the Program, the complex constitutional issues that will need to be resolved to assess Plaintiffs' claims should not be addressed if the case may be dispensed with on non-constitutional grounds. *See Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1342 (7th Cir. 1977) (taking note of the "well-established rule that the federal courts 'will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of.'") (quoting *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347 (1936)).

## II. THE DISCOVERY NECESSARY TO ESTABLISH THE TIMELINESS OF PLAINTIFFS' CLAIMS IS SEPARABLE FROM OTHER MERITS DISCOVERY.

Distinct from the complex factual and legal issues that otherwise surround the merits of Plaintiffs' allegations about the Program are the factual questions necessary to determine whether Plaintiffs' claims are timely. As discussed above, Evanston proposes that the initial discovery period focus on statute of limitations issues and should include discovery related to (1) demonstrating that no applications for the Program were accepted after the Application Period; (2) demonstrating the Application Period for the Program closed on November 5, 2021; and (3) determining the extent of Plaintiffs' knowledge of the Program during the Application Period. These proposed topics are clearly separable from discovery into the merits issues in this case, such as the Program's eligibility requirements and Plaintiffs' ability to meet these requirements. The

proposed topics covered by the initial discovery period can be addressed by targeted discovery requests and, if necessary, limited depositions.

Furthermore, because the issues addressed by the initial proposed discovery period are well-defined, it is unlikely that discovery disputes between the Parties will arise regarding whether particular discovery requests fall within or outside of the initial discovery period's scope. This clear delineation further supports judicial economy of bifurcating discovery in this case. *Cf. Rockett v. Renth*, No. 2016 WL 913262, at *3 (S.D. Ill. Mar. 9, 2016) (denying bifurcation of discovery where disputes were likely to arise regarding whether requests were covered by the initial phase of discovery).

The legal issues regarding the timeliness of Plaintiffs' claims are likewise separable from the merits of the case, further justifying the bifurcation of discovery. *See Zahedi v. Miramax, LLC*, 2021 WL 3260603, at *2 (C.D. Cal. Mar. 24, 2021) (ordering bifurcated discovery where an initial discovery phase would be focused, in part, on timeliness, a "straightforward issue[] of law"). A straightforward and distinct legal dispute regarding the accrual period and timeliness of Plaintiffs' claims is present here. As discussed above, Evanston contends that Plaintiffs' claims are time-barred because they began to accrue at the end of the Application Period for the Program, which was on November 5, 2021. *See* ECF No. 13 at 9. Plaintiffs previously argued in their opposition to Evanston's motion to dismiss that their injuries remain ongoing as the Program continues to operate, and thus their claims are timely. ECF No. 20 at 14–15. However, as discussed above, Plaintiffs must demonstrate that they were able and ready to apply to the Program to challenge the Program. *See Northeastern Fla. Chapter of Associated Gen. Contractors of Am.*, 508 U.S. at 666 (to have standing a plaintiff must establish that they were "able and ready" to apply but were

6

deterred by an allegedly discriminatory policy). And, here, Plaintiff could have only applied to the Program on or before November 5, 2021.

Additionally, the nature and accrual period of Plaintiffs' claims is a distinct legal issue that may be decided separately from any ruling on the merits of Plaintiffs' challenges to the Program, which instead turn on complicated constitutional issues. Deciding the distinct timeliness issues based on a defined factual record will be determinative for this case and would conserve judicial and party resources that would otherwise need to be expended during consideration of Plaintiffs' claims.

### III. PLAINTIFFS WOULD NOT BE PREJUDICED BY BIFURCATION TO FIRST ADDRESS THE TIMELINESS OF THEIR CLAIMS.

Finally, Plaintiffs would suffer no prejudice by bifurcating discovery to first address statute of limitations issues. While Plaintiffs may not be able to initially take all the discovery they desire during the initial timeliness discovery period, Plaintiffs will still have sufficient time to obtain discovery. Under Evanston's proposed case schedule, full merits discovery will conclude 180 days (nearly 9 months) from the Court's ruling on a dispositive motion related to statute of limitations issues. *See* ECF No. 44 at 5. That time period should be sufficient for Plaintiffs to obtain all desired discovery. Furthermore, Plaintiffs' proposed case schedule contemplates nearly a full year of merits discovery. *See* ECF No. 44 at 4. Accordingly, an initial 90-day discovery period to determine whether Plaintiffs' claims are time-barred and a ruling from this Court on timeliness would essentially leave Plaintiffs in the same position they would otherwise be in under their own proposed case schedule, and the Parties have already agreed on a briefing schedule for this Motion. Thus, because bifurcation would not result in any prejudice to the non-moving party and would otherwise promote an efficient outcome of this case, it is appropriate in this action. *See Christian*, 2013 WL 2151681 at *4 ("Bifurcation is warranted where it promises to promote efficiency and

economy without working substantial prejudice."). Moreover, all Evanston is proposing is that merits discovery (if any) be stayed for an additional few months to see if it is even necessary. For the reasons above, Evanston has established good cause for bifurcation.

## **CONCLUSION**

WHEREFORE, Defendant City of Evanston respectfully requests that the Court grant this Motion and enter an Order bifurcating discovery in this matter in accordance with Evanston's proposed discovery schedule as filed in the Joint Initial Status Report, ECF No. 44 at 5.

Dated: June 5, 2026

Respectfully submitted,

CITY OF EVANSTON
By: /s/ *Wade A. Thomson*
    *One of its attorneys*

Wade A. Thomson
Precious S. Jacobs-Perry
Jeffrey P. Salvadore
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Tel.: (312) 222-9350
Fax: (312) 527-0484
wthomson@jenner.com
pjacobs-perry@jenner.com
jsalvadore@jenner.com

Alexandra B. Ruggie
Cynthia Grandfield
CITY OF EVANSTON
909 Davis Street, 3rd Floor
Evanston, IL 60201
Tel.: (847) 866-2937
aruggie@cityofevanston.org
cgrandfield@cityofevanston.org

*Counsel for Defendant*

8

9

## **CERTIFICATE OF SERVICE**

I certify that on June 5, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Wade A. Thomson*

9