IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARGOT FLINN, CAROL JOHNSON, STASYS NEIMANAS, BARBARA REGARD, HENRY REGARD, and STEPHEN WEILAND, | ) ) ) ) | Case No. 24-cv-4269 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Hon. John F. Kness, District Judge |
| CITY OF EVANSTON, | ) ) | |
| Defendant. | ) ) ) | |

## UNITED STATES' MOTION TO INTERVENE

The United States of America ("United States") respectfully moves under Federal Rule of Civil Procedure ("Rule") 24 to intervene in this action and to file the attached Complaint in Intervention.

As grounds for its Motion to Intervene, the United States asserts the following, which is alleged in the United States' proposed Complaint in Intervention and set forth more fully in the accompanying memorandum of law:

1.      Since 2021, and continuing to the present, the City of Evanston, Illinois ("Evanston" or "the City") has maintained and implemented its "Local Reparations Restorative Housing Program" (the "Program"), a racially discriminatory program in which it has offered and distributed unrestricted cash payments, and financial assistance for purchasing, constructing, improving, repairing, or maintaining housing in the City, exclusively to current or former black

1

residents who lived in the City as adults between 1919 and 1969, and to their children, grand-children, and great-grand-children.[1]

2.  The City offers and provides these payments and financial assistance, which total $25,000, to all black persons or their descendants who meet these requirements, regardless of where or how long they or their ancestor lived in the City during this time and regardless of whether they or their ancestor were the victims of racial discrimination by the City. And the City offers and provides these benefits solely to eligible black residents and their descendants. Persons of other races, including ones who were victims of unlawful racial discrimination by the City between 1919 and 1969, are not eligible for any payments or financial assistance under the Program, and neither are their descendants.

3.  "[T]he Constitution almost never permits [a government] to discriminate on the basis of race. Such discrimination triggers strict scrutiny… " *Louisiana v. Callais*, 146 S. Ct. 1131, 1152 (2026). The City's racially discriminatory program is not narrowly tailored to remediating specific, identified instances of past discrimination that violated the Constitution or a statute, and through its actions, the City has violated the Equal Protection Clause and the Fair Housing Act.

4.  In 2024, Plaintiffs filed suit under 42 U.S.C. § 1983 alleging that the Program violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. This March, the Court denied the City's Motion to Dismiss, and the City filed its Answer on May 8, 2026. *See* Case No. 1:24-cv-4269, at Dkt. 37, 42.

5.  The United States' proposed Complaint in Intervention names the City of Evanston as a defendant and alleges that the Program violates the Equal Protection Clause. The United States'

---

[1] Resolution 37-R-21 (Mar. 22, 2021), Dkt. 20-1 at 6-18; Resolution 27-R-23 (Mar. 27, 2023), Dkt. 20-1 at 59-60. All citations to documents filed on the Court's docket in Case No. 1:24-cv-4269 are citations to the pages on the ECF header.

proposed Complaint in Intervention also alleges that the Program violates the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*

6. Rule 24(a)(1) provides that, "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute."

7. Section 902 of the Civil Rights Act of 1964, as amended, grants the United States an unconditional right to intervene in cases seeking relief from the alleged denial of equal protection of the laws under the Fourteenth Amendment to the United States Constitution on account of race, if the Attorney General certifies that the case is of general public importance. 42 U.S.C. § 2000h-2.

8. The Acting Attorney General has certified this is a case of general public importance. That Certificate of the Acting Attorney General is attached as Exhibit 1.

9. When intervening under Section 902, the United States may seek more or different relief than the plaintiffs. *See Spangler v. United States*, 415 F.2d 1242, 1244 (9th Cir. 1969) (holding that the United States as intervenor is "not limit[ed] . . . to the relief asked for by the plaintiff" and collecting cases).

10. The United States may also intervene under Rule 24(a)(2), which provides for intervention by right to "anyone" who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately protect that interest." Fed. R. Civ. P. 24(a)(2). The United States meets the requirements of Rule 24(a)(2).

11. Alternatively, Rule 24(b) provides for permissive intervention upon a timely motion when a potential party "has a claim or defense that shares with the main action a common question

3

of law or fact," and when intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." The United States has satisfied the requirements for permissive intervention here.

12. The United States' Complaint in Intervention is attached as Exhibit 2.

13. Counsel for the United States has conferred with Counsel for Plaintiffs who advise that they do not oppose intervention by the United States. Counsel for the United States has also conferred with counsel for the City of Evanston who does not consent to the United States' Motion to Intervene. The City and United States have agreed to a proposed briefing schedule, filed separately on the docket by the United States. *See* Statement Setting Forth Agreed Briefing Schedule, Dkt. 51.

The United States respectfully requests this Court grants its Motion to Intervene in this action.

Dated: June 16, 2026

4

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney Northern
District of Illinois

HARMEET K. DHILLON
Assistant Attorney General Civil
Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney
General

ERIC SELL
Deputy Assistant Attorney General

GREGORY DOLIN
Senior Counsel

CARRIE PAGNUCCO
Chief

/s/ Timothy J. Moran
TIMOTHY J. MORAN (Ill. Bar No.
6207397)
Deputy Chief
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice 950
Pennsylvania Avenue —4CON
Washington, DC 20530
Tel.: (202) 532-5422
Fax: (202) 514-1116
Timothy.Moran@usdoj.gov

Attorneys for Plaintiff United
States of America

5

**CERTIFICATE OF SERVICE**

I certify that on June 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

_/s/ Timothy J. Moran_