**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARGOT FLINN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case Number: 24-cv-04269 |
| | ) | |
| v. | ) | Hon. John F. Kness, District Judge |
| | ) | |
| CITY OF EVANSTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MOTION TO STAY BRIEFING ON
DEFENDANT'S MOTION TO BIFURCATE DISCOVERY**

Plaintiffs Margot Flinn, Carol Johnson, Stasys Neimanas, Barbara Regard, Henry Regard, and Stephen Weiland, by counsel, respectfully request a stay of briefing on Defendant's motion to bifurcate discovery until the Court resolves the United States' motion to intervene. Defendant City of Evanston opposes the motion. In support of this motion, Plaintiffs state:

1.      Defendant filed its motion to bifurcate discovery on June 5, 2026. On June 10, 2026, the Court ordered Plaintiffs to file their response to Defendant's motion by July 10, 2026 and ordered Defendant to file its reply by July 24, 2026. The Court also set a motion hearing for August 6, 2026.

2.      Good cause exists to modify this schedule.

3.      On June 16, 2026, the U.S. Department of Justice filed on behalf of the United States a motion to intervene along with a proposed Complaint in Intervention. The Justice Department also filed a statement proposing that Defendant file its opposition to the intervention motion by July 20, 2026 and that the United States file its reply by August 3, 2026.

4.     The outcome of the United States' motion to intervene may significantly impact how this case proceeds, including discovery.  The United States seeks to intervene, among other reasons, on the Equal Protection claim that is the subject of Defendant's proposed discovery bifurcation.  If intervention is granted, the United States' participation may affect the issues presented by Defendant's motion and the discovery needs of the parties.  It therefore would not promote efficiency for the parties and the Court to expend resources briefing and deciding bifurcation before the Court determines whether the United States will become a party.  A brief stay would permit the Court to address the discovery process once all interested parties are before the Court and have had an opportunity to be heard.  This approach would avoid potentially duplicative proceedings and the need to revisit any ruling on bifurcation.  Until the Court resolves the motion to intervene, any ruling on the proper scope and sequencing of discovery would be premature.

5.     While continued bifurcation briefing would risk the need to revisit any bifurcation ruling, the requested stay will not prejudice any party or unreasonably delay this action.  Any delay would be minimal.  Under the United States' proposed schedule, briefing on the motion to intervene will be complete by August 3, 2026 – just days before the August 6, 2026 hearing already set on Defendant's motion to bifurcate.  A brief stay would avoid unnecessary briefing while adding little or no delay to the case.

6.     Undersigned counsel reached out to counsel for Defendant.  Precious Jacobs-Perry, one of Defendant's attorneys, stated that Defendant objects to the requested stay.

WHEREFORE, Plaintiffs respectfully request that the Court grant this motion and enter an order staying the briefing on Defendant's motion to bifurcate discovery until the Court resolves the United States' motion to intervene.

- 2 -

- 3 -

Dated:  June 17, 2026

Respectfully submitted,

/s/ Michael Bekesha
Paul J. Orfanedes (Ill. Bar No. 6205255)
Michael Bekesha (Mass. Bar No. 675787)
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5172

*Counsel for Plaintiffs*

- 3 -

- 4 -

## **CERTIFICATE OF SERVICE**

I certify that on June 17, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ Michael Bekesha