IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGOT FLINN, et al., | |
| Plaintiff, | Case No. 24-cv-04269 |
| vs. | |
| CITY OF EVANSTON, | Hon. Judge John F. Kness |
| Defendant. | Hon. Gabriel A. Fuentes, Magistrate Judge |

**DEFENDANT CITY OF EVANSTON'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY BRIEFING ON DEFENDANT'S MOTION TO BIFURCATE DISCOVERY**

Defendant City of Evanston ("Evanston") respectfully requests that the Court deny the motion to stay briefing on Defendant's motion to bifurcate discovery (the "Motion to Stay") filed by Plaintiffs Margot Flinn, Carol Johnson, Stasys Neimanas, Barbara Regard, Henry Regard, and Stephen Weiland ("Plaintiffs") because Plaintiffs have failed to carry their burden for the motion and the Motion to Stay is nothing but an inefficient tactical move. Plaintiffs are seeking to stay the agreed-upon briefing on Evanston's motion to bifurcate discovery pending resolution of the motion to intervene filed by proposed Intervenor Plaintiff the United States of America (the "Government"), ECF No. 48, in hopes of somehow frustrating Evanston's well-founded motion to bifurcate.

The equities before the Court in determining whether to grant this stay weigh decidedly in Evanston's favor. First, the outcome of the Government's motion to intervene (which Evanston opposes) will not materially impact Evanston's proposed bifurcation in this case. Indeed, the bifurcation of discovery is warranted regardless of whether the Government's motion to intervene is granted. A stay of briefing on the bifurcation issue would merely delay the inevitable and thus

does nothing to simplify or streamline this matter. Moreover, Plaintiffs cannot demonstrate prejudice by having to follow the briefing schedule they agreed to a mere eleven days prior to the Government's motion to intervene. In contrast, Evanston would be unduly prejudiced as a stay would effectively halt Evanston's attempt to resolve Plaintiffs' claims decisively and quickly. Finally, permitting full briefing on both Evanston's motion to bifurcate and the Government's motion to intervene, in accordance with the schedules already *agreed upon by all parties and adopted by the Court*, would allow the Court to potentially resolve both issues at the August 6, 2026 hearing, thereby maximizing judicial resources and promoting judicial efficiency.

## BACKGROUND

Evanston filed its motion to bifurcate discovery (the "Bifurcation Motion") on June 5, 2026. ECF No. 45. In the Bifurcation Motion, Evanston seeks to bifurcate discovery in this matter to allow Evanston and the Plaintiffs (jointly, "the Parties") to compile a factual record and resolve on summary judgment all issues related to Evanston's statute of limitations affirmative defense, which would end the Plaintiffs' involvement in this matter. *Id.* at 1. The Parties agreed on a briefing schedule for the Bifurcation Motion, which the Court adopted on June 10, 2026. ECF No. 47. According to the schedule as entered by the Court, Plaintiffs must file their opposition to the Bifurcation Motion by July 10, 2026 and Evanston may file a reply by July 24, 2026. *Id.* In the same order, the Court set a hearing for this action on August 6, 2026. *Id.*

On June 16, 2026, the Government moved to intervene in this case. ECF No. 48. Evanston opposes this motion. Evanston and the Government agreed on a briefing scheduling, which the Court adopted on June 23, 2026. ECF No. 55. According to the schedule as entered by the Court, Evanston must file its opposition to the motion to intervene by July 20, 2026. *Id.* The Government may file a reply by August 3, 2026. *Id.*

2

**LEGAL STANDARD**

Plaintiffs cannot meet their burden to demonstrate that a stay on the Bifurcation Motion is warranted. While Plaintiffs appear to be arguing that the Motion to Stay should be judged on a "good cause" standard for granting an extension to a briefing schedule under Fed. R. Civ. Pro. 6(b)(1)(A), this is the incorrect standard.[1] *See* ECF No. 53 at 1. Plaintiffs do not seek an extension of their deadlines but instead seek an indefinite stay of any further obligation to respond to the Bifurcation Motion until after the Court resolves the Government's pending motion to intervene. Accordingly, the Court, similar to other courts in this circuit, must determine whether Plaintiffs' motion for a stay is warranted by considering: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Terra Supreme Battery LLC v. Cotechno Grp., Inc.*, 2025 WL 2308819, at \*1 (N.D. Ind. July 3, 2025) (quotation omitted). "[I]f there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936).

**ARGUMENT**

**I.     A STAY OF THE BIFURCATION MOTION WOULD NOT SIMPLIFY THE ISSUES OR STREAMLINE THE CASE.**

First, Plaintiffs' Motion to Stay would do nothing to simplify the issues in the case or streamline this action as the issue of whether *Plaintiffs' claims are untimely* will not be affected in any way by the Government's proposed intervention.

---

[1] Even if the Motion to Stay were reviewed under a good cause standard, Plaintiffs fail to meet that standard for the same reasons discussed herein.

3

Indeed, bifurcation of discovery in this case is warranted regardless of whether the Government is allowed to intervene. As set forth more fully in the Bifurcation Motion, there are case-dispositive issues in this case related to the lack of timeliness of Plaintiffs' claims. *See* ECF No. 45 at 4. And, any merits discovery is distinct and separable from the discovery related to the lack of timeliness of Plaintiffs' claims. *Id.* at 5–7. Indeed, Plaintiffs' claims turn on Plaintiffs being able and ready to apply to Evanston's Local Reparations Restorative Housing Program (the "Program") during the Program's application period that ended in November 2021. *Id.* The closing of the application period for the Program is a fact that even the Government admits in its proposed Complaint. ECF No. 48-2 ¶ 18. Thus, the relief sought in the Bifurcation Motion is warranted and a stay on briefing the Bifurcation Motion would needlessly delay the resolution of this important case-dispositive issue rather than streamline any other issue in this case, which weighs against granting a stay.

Additionally, the Government's allegations against Evanston will not protect Plaintiffs from having to prove their claims are timely and may in fact be detrimental to Plaintiffs' efforts to do so. When a party seeks to intervene, both their claims and the claims of the original plaintiffs must be timely filed to obtain relief. *Flower Cab Co. v. Petitte*, 1987 WL 14715, at *5–7 (N.D. Ill. July 21, 1987). The heart of Evanston's argument that Plaintiffs' claims are untimely is that the Program's application period closed in November 2021 and more than two years passed since that date before Plaintiffs filed this action, which is outside the applicable statute of limitations for claims, like Plaintiffs', brought under 42 U.S.C. § 1983. *See* ECF No. 45 at 2; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). While Evanston reserves all rights to challenge the factual assertions in the Government's proposed Complaint at the appropriate time should intervention be granted, even the Government acknowledges that the period during which Plaintiffs could have applied to the

4

Program closed in November 2021. ECF No. 48-2 ¶ 18 ("Following the establishment of the Program, the City accepted applications from September 21, 2021, through November 5, 2021[.]"); *see also id.* at ¶ 33. Accordingly, there is nothing in the Government's proposed Complaint that would suggest bifurcation of discovery to first address the timeliness of Plaintiffs' Complaint is not warranted or would not be case dispositive for Plaintiffs' claim, which makes the resolution of the Government's intervention motion irrelevant as to the Court's decision on the Bifurcation Motion. As a result, the Court should reject Plaintiffs' attempt to delay the briefing on the Bifurcation Motion because it would not simplify the issues in this action.

Moreover, it is telling that Plaintiffs offer no specific examples of how resolving the Government's intervention motion would affect the merits of the Bifurcation Motion or streamline this case's proceedings. The Motion to Stay offers only vague statements that intervention by the Government, if successful, "may affect" the course of discovery. ECF No. 53 at 2. Also, while Plaintiffs are correct that both the Government and Plaintiffs bring claims at least in part under the Equal Protection Clause, *see id.*, as described above and in the Bifurcation Motion, the Court can make a determinative ruling on the timeliness of Plaintiffs' Complaint prior to discovery and resolution of the merits of either Plaintiffs' or the Government's underlying claims. ECF No. 45 at 5–7. Despite Plaintiffs' conclusory statements, it is not clear why this Court would need to revisit any ruling on the Bifurcation Motion should intervention be granted. ECF No. 53 at 2. If intervention is granted, the Government will necessarily step into any discovery schedule set by this Court, which has not yet been entered. *See* Fed. R. Civ. Pro. 16(b)(4) ("A [discovery] schedule may be modified only for good cause and with the judge's consent"). If the Court grants the Bifurcation Motion and allows the Parties to first address the timeliness of Plaintiffs' claims prior to merits discovery related to the underlying claims about the Program, the Government will have

to abide by that schedule. Therefore, staying briefing on the Bifurcation Motion will merely delay rather than streamline resolution of this action.

## II. EVANSTON WOULD BE UNDULY PREJUDICED BY A STAY OF THE BIFURCATION MOTION BRIEFING WHILE PLAINTIFFS WOULD SUFFER NO PREJUDICE BY FOLLOWING AN ALREADY AGREED-UPON SCHEDULE.

The Motion to Stay should be denied because a stay will unduly prejudice Evanston and, at a minimum, will create a fair possibility of prejudice against Evanston, by delaying the resolution of a case-dispositive issue. *See Landis*, 299 U.S. at 255 (noting that absent "a clear case of hardship or inequity in being required to go forward," a stay is not appropriate if "there is even a fair possibility that the stay . . . will work damage to some one else"). Evanston has already expended resources drafting the Bifurcation Motion, negotiating a briefing schedule on the motion with Plaintiffs, and filing the Bifurcation Motion, and all before the Government's motion to intervene was filed. And, as discussed above, the lack of timeliness of Plaintiffs' Complaint should be addressed first and can be ripe for resolution through targeted discovery regardless of how the Court rules on the Government's motion to intervene. Thus, the briefing on the Bifurcation Motion should move forward as Evanston would be prejudiced by a needless delay of the resolution of the Bifurcation Motion, which would appropriately target initial discovery on a case-dispositive issue.

This prejudice stems from more than a general delay of the resolution of Evanston's Bifurcation Motion. As will be discussed more fully in Evanston's forthcoming opposition to the Government's motion to intervene, should intervention be granted, Evanston will have to defend the legality of the Program against both Plaintiffs' and the Government's theories in their respective complaints, which sometimes have key factual contradictions. As noted above, the Government's claims acknowledge that the Program's application period has closed. ECF No. 48-2 ¶ 18. Plaintiffs, in contrast, assert that applications to the Program will continue to be accepted

"on a rolling basis." ECF No. 1 ¶ 11. Moreover, this and other factual and legal inconsistencies between the Plaintiffs' and the Government's claims would complicate the disposition of an otherwise procedurally defective Complaint. As a result, the motion to intervene should be denied.

Nonetheless, if the Court grants the Government's motion to intervene and the Bifurcation Motion, Evanston will still be able to eliminate Plaintiffs' claims from the case on lack of timeliness grounds. Evanston will then be able to focus solely on rebutting the Government's factual and legal assertions. Should the Court deny intervention but grant the Bifurcation Motion, Evanston will likewise be able to efficiently resolve the case by successfully asserting a statute of limitations defense based on the record compiled during the initial bifurcated discovery period. In either event, these scenarios likely explain why Plaintiffs are attempting to delay the resolution of the Bifurcation Motion—Plaintiffs know their claims are untimely and are hoping to complicate the defense for Evanston and/or hoping that intervention by the Government will somehow help Plaintiffs maintain their action longer. Such a tactical gambit is not good cause for a stay of the briefing schedule on the Bifurcation Motion and would unduly prejudice Evanston, or at a minimum, create a fair possibility of prejudice for Evanston.[2]

In contrast, Plaintiffs will face no prejudice should the Motion to Stay be denied and they be required to maintain the Bifurcation Motion's current briefing schedule. Indeed, Plaintiffs agreed to the Bifurcation Motion briefing schedule a mere eleven days before the Government filed its motion to intervene. *See* ECF Nos. 46, 48. As described above, because the lack of timeliness of Plaintiffs' claims will be unaffected by the resolution of the intervention motion, Plaintiffs will face no prejudice in having to follow the briefing schedule they agreed to and were

---

[2] And it is hard to believe that Plaintiffs were not already in communication with the Government at the time that they agreed to the briefing schedule.

ordered by this Court to follow.

## III. JUDICIAL ECONOMY WEIGHS AGAINST GRANTING A STAY.

Based on the briefing schedules that the Parties and the Government have previously negotiated, and the Court adopted, both the Bifurcation Motion and the Government's motion to intervene will be fully briefed and ripe for resolution ahead of the August 6, 2026 hearing set by the Court. *See* ECF Nos. 47, 51, 55. While Plaintiffs do not specifically seek a continuance of this hearing in their Motion to Stay, the Motion to Stay would necessarily moot the justification for the hearing as briefing on the Bifurcation Motion would not be completed by the hearing date. Rather than consume judicial resources setting another hearing to consider the Bifurcation Motion separately, keeping the current briefing schedule would allow the Court to consider and resolve both discovery bifurcation and intervention at the previously scheduled hearing, should it choose to do so, which promotes judicial economy.

Likewise, granting a stay would do little to reduce the burden of this litigation on either the Court or the Parties. As noted above, bifurcation of discovery is warranted due to the lack of timeliness of Plaintiffs' claims regardless of how the Government's motion to intervene is resolved. And because the issues present in the Bifurcation Motion are distinct from those at issue in the intervention motion or in the Government's claims, the Court would not face any reduced burden from granting a stay. Likewise, the burden on the Court to resolve discovery disputes is likely to increase should intervention be granted, given the divergences between Plaintiffs' and the Government's claims. Being able to resolve Plaintiffs' claims on lack of timeliness grounds as presented in the Bifurcation Motion will reduce the burden on the Court. Allowing the briefing on the Bifurcation Motion to move forward now is the best way to conserve judicial resources and promote judicial economy. The Motion to Stay should be denied.

## **CONCLUSION**

For the foregoing reasons, Evanston respectfully requests that the Court deny Plaintiffs'

Motion to Stay and order the Parties to proceed in accordance with the briefing schedule previously

entered by the Court on June 10, 2026.


Dated: June 24, 2026

Respectfully submitted,

CITY OF EVANSTON
By:   /s/ *Wade A. Thomson*
       *Wade A. Thomson*

Wade A. Thomson
Precious S. Jacobs-Perry
Jeffrey P. Salvadore
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Tel.: (312) 222-9350
Fax: (312) 527-0484
wthomson@jenner.com
pjacobs-perry@jenner.com
jsalvadore@jenner.com

Alexandra B. Ruggie
Cynthia Grandfield
CITY OF EVANSTON
909 Davis Street, 3rd Floor
Evanston, IL 60201
Tel.: (847) 866-2937
aruggie@cityofevanston.org
cgrandfield@cityofevanston.org

*Counsel for Defendant*

9

## CERTIFICATE OF SERVICE

I certify that on June 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Wade A. Thomson*